**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LAWRENCE LITTLE | * |
|     Plaintiff | * |
| v. | *   CIVIL ACTION NO. ELH-15-626 |
| CHAZ ROMEO BALL | * |
|     Defendant | * |

**MEMORANDUM OPINION**

Plaintiff Lawrence Little, pro se, has filed suit against Chaz Romeo Ball, defendant. ECF 1. The case is rooted in a civil rights action filed by Little in this Court on May 23, 2013. *See Little v. Eastern District Police Station, et al.,* Civil Action No. WDQ-13-1514 (D. Md.) ("*Little I*"). In *Little I*, plaintiff sued four Baltimore City police officers, alleging, *inter alia*, false arrest.[1] The officers were represented by Mr. Ball, a Maryland attorney with the law firm of Schlachman, Belsky & Weiner, P.A.

Following service of process, in Little I, defendants represented by Ball, filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. *Id.,* ECF 26. On February 24, 2015, Judge Quarles granted defendants' motion to dismiss on the basis of res judicata, as Little previously had filed three complaints against the same defendants in the District Court of Maryland for Baltimore City, which were dismissed. *See* ECF 44 at 5 (citing

---

[1] The complaint, as amended, also alleged defamation, libel, violation of Fourth and Fifth Amendment rights, false imprisonment, negligence, and intentional infliction of emotions distress. ECF Nos. 1 and 4.

ECF 26-2; 26-3; 26-4);[2] ECF 45.  Plaintiff's appeal of that decision remains pending in the United States Court of Appeals for the Fourth Circuit.  ECF 46.

On March 27, 2015, Little filed this suit (ECF 1), seeking money damages.  Little alleges that Ball violated the rules of professional conduct and Little's civil rights by "caus[ing] my case to be illegally dismissed at the U.S. District Court."  Little states that he "suffered great injury" due to Ball's "lying claiming res judicata and violation of the Local Government Tort Claim Act."  ECF 1 at 3.  Although the complaint is not a model of clarity, it appears that Little seeks money damages because Ball successfully represented his clients in the previous federal lawsuit, which currently is on appeal.

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law.  *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014).  Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  In analyzing a § 1983 claim, a court must first identify "the specific constitutional right allegedly infringed."  *Albright,* 510 U.S. at 271.

---

[2] Citations in this Memorandum Opinion reflect the page assignments provided through the court's electronic docketing system.

A § 1983 claim requires "that the alleged deprivation was committed by a person acting under color of state law," *West v. Atkins,* 487 U.S. 42, 48 (1988), that is, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). State action and action under color of law mean the same. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 932 (1982). However, one can act under color of law without being an officer of the State. *Id.* at 941. But, such a person must be "a willful participant in joint activity with the State or its agents. . . ." *Id.* (citation and quotation marks omitted).

As noted, a threshold requirement for filing an action pursuant to 42 U.S.C. § 1983 is that the defendant must be acting "under color of" state law. An attorney in a private law firm representing clients does not meet this threshold requirement. Thus, Ball is not amenable to suit under § 1983. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). In other words, Little cannot proceed against Ball under the civil rights statute.

I next consider whether there is another basis for jurisdiction, mindful that federal district courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 552 (2005); *United States ex rel. Voyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Federal courts "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *Jadhav*, 555 F.3d at 347 (citing *Bowles v. Russell,* 551 U.S. 205 (2007)). Indeed, "[i]t is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006).

"[J]urisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Moreover, a district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). And, pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).[3]

Under 28 U.S.C. §1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). There is no diversity jurisdiction here.

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter

---

[3] The court also has the inherent power to dismiss, *sua-sponte*, frivolous or malicious actions and motions. *See Ross v. Baron,* 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam) (citations omitted); *cf. Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 308 (1989); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own . . . .").

jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

To the extent that the complaint raises any cognizable state court claim, it cannot proceed in federal court, due to a lack of diversity jurisdiction. Although the damages claimed by plaintiff are sufficient to satisfy the amount in controversy requirement, the parties are all domiciled in Maryland. Thus, this court may not exercise diversity jurisdiction.

Absent any basis for jurisdiction, the case must be dismissed. A separate Order follows.

April 1, 2015                                           /s/
(Date)                                                  Ellen L. Hollander
                                                        United States District Judge